| | | |
|---|---|---|
| SIMARJEET KAUR | * | IN THE CIRCUIT COURT |
| 5036 Hilltop Acres Road | | |
| Perry Hall, Maryland 21128 | * | FOR BALTIMORE COUNTY |
| | | |
| *Plaintiff* | * | CIVIL DIVISION |
| | | |
| v. | * | |
| | | |
| POLICE OFFICER POLLACK #5596, | * | Case No.:   C-03-CV-20-004268 |
| 700 East Joppa Road | | |
| Baltimore, Maryland 21212-2130, | * | |
| | | |
| *And* | * | |
| | | |
| POLICE OFFICER BIRKMAIER #5991 | * | |
| 700 East Joppa Road | | |
| Towson, Maryland 21286, | * | |
| | | |
| *And* | * | |
| | | |
| BALTIMORE COUNTY POLICE DEPARTMENT | | |
| PUBLIC SAFETY BUILDING | | |
| 700 East Joppa Road | * | |
| Towson, Maryland 21286, | | |
| | * | |
| *Serve On: Resident Agent* | | |
| Chief Melissa R. Hyatt | * | |
| PUBLIC SAFETY BUILDING | | |
| 700 East Joppa Road | * | |
| Towson, Maryland 21286, | | |
| | * | |
| *And* | | |
| | * | |
| AMERICAN FREIGHT OUTLET STORES, LLC | | |
| d/b/a SEARS | * | |
| 1209 Orange Street | | |
| Wilmington, Delaware 19801 | * | |
| | | |
| *Serve On*: Resident Agent | * | |
| The Corporation Trust, Incorporated | | |
| 2405 York Road, Suite 201 | * | |
| Lutherville-Timonium, Maryland 21093-2264 | | |
| | * | |
| *And* | | |
| | * | |
| SEARS HOLDINGS CORPORATION | | |

EXHIBIT 13, PAGE 1

d/b/a SEARS                                    *
3333 Beverly Road
Hoffman Estates, Illinois 60179               *

    *Serve On*: Resident Agent         *
    The Corporation Trust, Incorporated
    2405 York Road, Suite 201          *
    Lutherville-Timonium, Maryland 21093-2264
                                       *

    *And*                              *

SEARS OPERATIONS LLC                          *
d/b/a SEARS
B2-126B
3333 Beverly Road                             *
Hoffman Estates, Illinois 60179

                                       *

    *Serve On*: Resident Agent
    The Corporation Trust, Incorporated *
    2405 York Road, Suite 201
    Lutherville-Timonium, Maryland 21093-2264

    *And*                              *

SEARS OUTLET STORES LLC                       *
d/b/a SEARS
1209 Orange Street                            *
Wilmington, Delaware 19801

                                       *

    *Serve On*: Resident Agent
    The Corporation Trust, Incorporated *
    2405 York Road, Suite 201
    Lutherville-Timonium, Maryland 21093-2264

    *And*                              *

SEARS, ROEBUCK AND CO.                        *
d/b/a SEARS
3333 Beverly Road                             *
Hoffman Estates, Illinois 60179

                                       *

    *Serve On*: Resident Agent
    C T Corporation System             *
    28 Liberty Street
    New York, New York 10005            *

**EXHIBIT 13, PAGE 2**

*And*      *

TRANSFORM HOLDCO LLC      *
d/b/a SEARS
3333 Beverly Road      *
Hoffman Estates, Illinois 60179
     *

        *Serve On*: Resident Agent
        The Corporation Trust, Incorporated *
        1209 Orange Street
        Wilmington, Delaware 19801      *

        *And*      *

TRANSFORM OPERATING STORES LLC
d/b/a SEARS
3333 Beverly Road      *
Hoffman Estates, Illinois 60179
     *

        *Serve On*: Resident Agent
        The Corporation Trust, Incorporated *
        1209 Orange Street
        Wilmington, Delaware 19801      *

        *And*      *

TRANSFORM SR LLC      *
d/b/a SEARS
3333 Beverly Road      *
Hoffman Estates, Illinois 60179
     *

        *Serve On*: Resident Agent
        The Corporation Trust, Incorporated *
        2405 York Road, Suite 201
        Lutherville-Timonium, Maryland 21093-2264

        *And*      *

TRANSFORM SR BRANDS LLC      *
d/b/a SEARS
1170 Kane Concourse, Suite 200      *
Bay Harbor Islands, Florida 33154
     *

        *Serve On*: Resident Agent
        The Corporation Trust, Incorporated *
        1209 Orange Street

**EXHIBIT 13, PAGE 3**

Wilmington, Delaware 19801       *

        *And*       *

TRANSFORM SR HOLDINGS LLC       *
d/b/a SEARS
3333 Beverly Road       *
Hoffman Estates, Illinois 60179
      *

        *Serve On*: Resident Agent
        The Corporation Trust, Incorporated       *
        1209 Orange Street
        Wilmington, Delaware 19801       *

        *And*       *

TRANSFORM SR OPERATIONS LLC       *
d/b/a SEARS
3333 Beverly Road       *
Hoffman Estates, Illinois 60179
      *

        *Serve On*: Resident Agent
        The Corporation Trust, Incorporated       *
        2405 York Road, Suite 201
        Lutherville-Timonium, Maryland 21093-2264

        *And*       *

ESL INVESTMENTS, INC.       *
1170 Kane Concourse, Suite 200
Bay Harbor Islands, Florida 33154       *

        *Serve On: Resident Agent*       *
        C T Corporation System
        1200 South Pine Island Road       *
        Plantation, Florida 33324
      *
        *And*
      *

ESL INVESTMENT MANAGEMENT, LP
1170 Kane Concourse, Suite 200       *
Bay Harbor Islands, Florida 33154
      *

        *Serve On: Resident Agent*
        C T Corporation System       *
        1200 South Pine Island Road

**EXHIBIT 13, PAGE 4**

Plantation, Florida 33324    *

*And*    *

ESL INVESTMENT MANAGEMENT (GP), LLC
1170 Kane Concourse, Suite 200
Bay Harbor Islands, Florida 33154    *

    *Serve On: Resident Agent*    *
    C T Corporation System
    1200 South Pine Island Road    *
    Plantation, Florida 33324
    *

    *And*
    *

SERITAGE GROWTH PROPERTIES, L.P.
489 Fifth Avenue, 18th Floor    *
New York, New York 10017
    *

    *Serve On*: Resident Agent
    The Corporation Trust, Incorporated *
    1209 Orange Street
    Wilmington, Delaware 19801    *

    *And*    *

SERITAGE GROWTH PROPERTIES    *
2405 York Road, Suite 201
Lutherville-Timonium, Maryland 21093-2264

    *Serve On*: Resident Agent    *
    The Corporation Trust, Incorporated
    2405 York Road, Suite 201    *
    Lutherville-Timonium, Maryland 21093-2264
    *

    *And*
    *

SERITAGE KMT FINANCE LLC
489 Fifth Avenue, 18th Floor    *
New York, New York 10017
    *

    *Serve On*: Resident Agent
    The Corporation Trust, Incorporated *
    1209 Orange Street
    Wilmington, Delaware 19801    *

**EXHIBIT 13, PAGE 5**

*And*      *

SERITAGE SRC FINANCE LLC      *
489 Fifth Avenue, 18th Floor
New York, New York 10017      *

     *Serve On*: Resident Agent      *
     The Corporation Trust, Incorporated
     1209 Orange Street      *
     Wilmington, Delaware 19801

     *

     *And*

     *

PALMER RECOVERY ATTORNEYS, PLLC
260 Wekiva Springs Road, Suite 2090      *
Longwood, Florida 32779-3699

     *

     *Serve On: Resident Agent*
     Aaron James Morse      *
     260 Wekiva Springs Road, Suite 2090
     Longwood, Florida 32779-3699      *

     *And*      *

PRA LAW FIRM, PLLC      *
2462 East Michigan Street, Suite 208
Orlando, Florida 32806      *

     *Serve On: Resident Agent*      *
     Barry Rigby, Esquire
     LAW OFFICES OF BARRY RIGBY, P.A. *
     2462 East Michigan Street, Suite 208
     Orlando, Florida 32806      *

     *And*      *

BARRY RIGBY, ESQUIRE      *
LAW OFFICES OF BARRY RIGBY, P.A.
2462 East Michigan Street, Suite 208      *
Orlando, Florida 32806

     *

     *And*

     *

JEFFREY MARKOWSKI
3740 Timahome Circle      *
Baltimore, Maryland 21236

**EXHIBIT 13, PAGE 6**

*

*Defendants.*

  *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT & JURY DEMAND

Plaintiffs Simarjeet Kaur, by and through their attorneys, David C.M. Ledyard and Ledyard Law LLC, file suit against Defendants Police Officer Pollack #5596; Police Officer Birkmaier #5991; Baltimore County Police Department; American Freight Outlet Stores, LLC, doing business as Sears; Sears Holdings Corporation, doing business as Sears; Sears Operations LLC, doing business as Sears; Sears Outlet Stores LLC, doing business as Sears; Sears, Roebuck and Co. , doing business as Sears; Transform Holdco LLC, doing business as Sears; Transform Operating Stores, LLC, doing business as Sears; Transform SR LLC, doing business as Sears; Transform SR Brands LLC, doing business as Sears; Transform SR Holdings LLC, doing business as Sears; Transform SR Operations, LLC, doing business as Sears; ESL Investments, Inc., doing business as Sears; ESL Investment Management, LP, doing business as Sears; ESL Investment Management (GP), LLC, doing business as Sears; Seritage Growth Properties, LP, doing business as Sears; Seritage Growth Properties, doing business as Sears; Seritage KMT Finance, doing business as Sears; Seritage SRC Finance, doing business as Sears; Palmer Recovery Attorneys, PLLC; PRA Law Firm, PLLC; Barry Rigby, Esquire; Jeffrey Markowski, and state the following in support thereof:

### THE PARTIES

1.    Plaintiff Simarjeet Kaur, is and was, at all times relevant, a resident of Baltimore County, Maryland.

2.    Defendant Police Officer Pollack #5596 is and was, at all times relevant, a Police Officer with the Baltimore County Police Department. Detective Pollack is being sued in both in his individual capacity for his actions and the actions of his agents, servants, and employees and in his official capacity as a policymaker for the Baltimore County Police Department – as further described below.

3.    Defendant Police Officer Birkmaier #5991 is and was, at all times relevant, a Police Officer with the Baltimore County Police Department. Detective Birkmaier is being sued in both in his individual capacity for his actions and the actions of his agents, servants, and employees and in his official capacity as a policymaker for the Baltimore County Police Department – as further described below.

EXHIBIT 13, PAGE 7

4.      Defendant Baltimore County Police Department is and was, at all times relevant, a law enforcement agency responsible for providing professional police to the citizens of Baltimore County. In this respect, the Baltimore County Police Department acted through its agents, servants, and employees, and was responsible for the conduct of the agents, servants and employees of the Baltimore County Police Department.

5.      Defendant American Freight Outlet Stores, LLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

6.      Defendant Sears Holdings Corporation, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

7.      Defendant Sears Operations LLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

8.      Defendant Sears Outlet Stores LLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

9.      Defendant Sears, Roebuck and Co. is and was, at all times relevant, a company organized under the law of the State of New York and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

10.     Defendant Transform Holdco LLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

11.     Defendant Transform Operating Stores, LLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

12.     Defendant Transform SR LLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

EXHIBIT 13, PAGE 8

13.     Defendant Transform SR Brands LLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

14.     Defendant Transform SR Holdings LLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

15.     Defendant Transform SR Operations, LLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

16.     Defendant ESL Investments, Inc., is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

17.     Defendant ESL Investment Management, LP, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

18.     Defendant ESL Investment Management (GP), LLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

19.     Defendant Seritage Growth Properties, LP, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

20.     Defendant Seritage Growth Properties, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

21.     Defendant Seritage KMT Finance, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

22.     Defendant Seritage SRC Finance, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

**EXHIBIT 13, PAGE 9**

23.    Defendant Palmer Recovery Attorneys, PLLC, is and was, at all times relevant, a company organized under the law of the State of Florida and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

24.    Defendant PRA Law Firm, PLLC, is and was, at all times relevant, a company organized under the law of the State of Delaware and employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

25.    Defendant Barry Rigby, Esquire, is and was, at all times relevant, an attorney licensed to practice law in the State of Florida.

26.    Defendant Jeffrey Markowski is and was, at all times relevant, a person employed, carrying on a regular business, and habitually engaged in a vocation, and doing business in Baltimore County, Maryland.

27.    Defendants Police Officer Pollack #5596; Police Officer Birkmaier #5991; Baltimore County Police Department and their agents, servants, and employees are singularly referred to as "Governmental Entity" or "Government Defendant" or collectively referred to as "Governmental Entities" or "Government Defendants" or "Police Officers" or "Police Defendants" or "Baltimore County Police Defendants."

28.    Defendants American Freight Outlet Stores, LLC; Sears Holdings Corporation; Sears Operations LLC; Sears Outlet Stores LLC; Sears, Roebuck and Co.; Transform Holdco LLC; Transform Operating Stores, LLC; Transform SR LLC; Transform SR Brands LLC; Transform SR Holdings LLC; Transform SR Operations, LLC; ESL Investments, Inc.; ESL Investment Management, LP; ESL Investment Management (GP), LLC; Seritage Growth Properties, LP; Seritage Growth Properties; Seritage KMT Finance; and Seritage SRC Finance, and their agents, servants, and employees did business as "Sears," are the owners of the White Marsh Sears, are the successors in interest to Sears, and are the successors in interest to the owners, operators, and managers of the White Marsh Sears, located at 8200 Perry Hall Boulevard, White Marsh, Maryland 21236.

29.    These parties and their agents, servants, and employees are singularly known as the "Sears Defendant" or plurally as the "Sears Defendants."

30.    Palmer Recovery Attorneys, PLLC; PRA Law Firm, PLLC; and Barry Rigby, Esquire, their agents, servants, and employees are singularly known as the "Palmer Defendant" or plurally as the "Palmer Defendants."

**EXHIBIT 13, PAGE 10**

31.   All Defendants may be referred to as "Defendants."

### *Jurisdiction and Venue*

32.   This Court has personal jurisdiction over the Defendants pursuant to Maryland Code, Courts & Judicial Proceedings, § 6-103, because the cause of action arose in Maryland.

33.   This Court has subject matter jurisdiction over the Defendants pursuant to Maryland Code, Courts & Judicial Proceedings, § 4-401(1), because the amount in controversy is greater than thirty-thousand dollars ($30,000.00).

34.   Venue lies with this Court pursuant to Maryland Code, Courts & Judicial Proceedings, § 6-201(a), because Defendant(s) reside, carry on a regular business, are employed, and habitually engage in a vocation in this County; Maryland Code, Courts & Judicial Proceedings, § 6-201(b) because there is more than one defendant, and there is no single venue applicable to all defendants under Maryland Code, Courts & Judicial Proceedings, § 6-201(a), so all may be sued in this County, which any one of them could be sued; and Maryland Code, Courts & Judicial Proceedings, § 6-202(8), because this is a tort action based on negligence arising in this County.

### *FACTS COMMON TO ALL COUNTS*

35.   Pursuant to Maryland Rule 2-303(c), Plaintiff(s) set(s) forth multiple counts and prayers for relief regardless of consistency.

### *The White Marsh Sears*

36.   In 2018, the White Marsh Sears department store was located at 8200 Perry Hall Boulevard, White Marsh, Maryland 21236.

37.   Amna Inam, is and was at all times relevant, a resident of Baltimore County, Maryland.

38.   Amna Inam began working at the White Marsh Sears on October 22, 2018.

39.   Amna was the former manager of Plaintiff Simarjeet Kaur at Dunkin' Donuts. She knew that Simarjeet was looking for a job in October 2018. Amna was not receiving enough hours at Dunkin' Donuts to support herself and her son, so she started looking for a new job. Amna told Simarjeet that they would apply for a position at Sears.

40.   Simarjeet is not proficient reading and writing the English language, so Amna

**EXHIBIT 13, PAGE 11**

helped her fill out her application.

41.     Plaintiff Simarjeet Kaur was hired at Sears on October 23, 2018, the day after Amna was hired.

42.     Amna did not have her own vehicle, so she asked Simarjeet to take her to and from work on the days that they worked together.

43.     Because Amna and Simarjeet would not always work together, Amna would also get rides from other co-workers and managers.

### *Alleged Thefts by Amna Inam*

44.     Upon information and belief, Amna Inam was suspected of shoplifting items from the White Marsh Sears.

45.     Upon information and belief, Amna Inam was never convicted of any criminal offense related to shoplifting and never pled guilty to any criminal offense related to shoplifting. She presently has no criminal record relating to any suspected shoplifting from the White Marsh Sears.

46.     Amna never informed Simarjeet that she was shoplifting, never requested or instructed Simarjeet to shoplift any items, never requested or instructed Simarjeet to assist her in shoplifting any times, and never showed Simarjeet how to shoplift items from the White Marsh Sears.

47.     In sum, Simarjeet had no knowledge whatsoever that Amna was shoplifting from the White Marsh Sears – if, in fact, Amna was shoplifting from the White Marsh Sears.

48.     At no time did Simarjeet shoplift, steal, or commit theft at the White Marsh Sears.

49.     At no time did Simarjeet knowingly assist Amna Inam shoplift, steal, or commit theft at the White Marsh Sears.

### *False Accusations of Theft*

50.     On December 15, 2018, Plaintiff Simarjeet Kaur was finishing her shift at the White Marsh Sears.

51.     Simarjeet intended to go home to her husband and her young daughter.

52.     At or around 2:50pm, approximately 10 minutes before her shift ended, Simarjeet was called into a back office by one of her managers, Ms. Kelly.

**EXHIBIT 13, PAGE 12**

53.     Ms. Kelly told Simarjeet that she wanted to talk to her for one minute and took her down to her primary manager's office (Ms. Elitha).

54.     Ms. Kelly told Simarjeet to go inside Ms. Elitha's office and speak to Defendant Jeffrey Markowksi, who was waiting inside the office.

55.     Defendant Markowski was a loss prevention employee for the Sears Defendants.

56.     Defendant Markowski locked the office door.

57.     Defendant Markowski asked Simarjeet a few background questions regarding Simarjeet's position at Sears, what Simarjeet would do if there were too many customers in line, and what Simarjeet would do if a customer brought too much merchandise to the register.

58.     Then, Defendant Markowski asked Simarjeet what "scams" were happening at the store.

59.     Simarjeet responded she was not aware of any "scams."

60.     Defendant Markowski then falsely stated that he had a CD (or DVD) that showed Simarjeet taking unpaid merchandise from the sales counter to her car in the parking lot.

61.     Simarjeet denied knowingly taking any unpaid merchandise from the sales counter to her car in the parking lot.

62.     Instead, Simarjeet responded that she had receipts for every item purchased at Sears and/or, if she lost a receipt, her credit card statement shows every transaction.

63.     Defendant Markowski refused to accept that answer, and falsely claimed that he had proof that she helped her friend Amna steal from Sears.

64.     Simarjeet denied knowing that her friend Amna stole anything from Sears and also stated that she would never help her friend steal.

65.     Simarjeet stated that she wanted to go home to see her husband and child.

66.     Simajeet did not understand English well and did not understand why she was being accused of wrongdoing without evidence. Simarjeet then asked if she could get a lawyer.

67.     Defendant Markowski threatened her – if she hired a lawyer, she would go to jail.

68.     Instead, Defendant Markowski demanded that she confess by writing an apology on paper, confessing to helping her friend, and agreeing to pay back the money for the merchandise.

69.     Knowing she did nothing wrong, she was locked in a room, and that she was being threatened, Simarjeet started crying and requested permission to call her husband.

**EXHIBIT 13, PAGE 13**

70.     Defendant Markowski denied permission and threatened Simarjeet again, stating that if her husband came, then she would be in more trouble.

71.     Simarjeet continued crying and requested to leave so that she could see her daughter and her husband.

72.     Defendant Markowski refused and stated that she could not see her husband or daughter until she wrote a confession.

73.     Defendant Markowski further threatened Simarjeet that if her husband or lawyer showed up, she would go to jail.

74.     Simarjeet refused to write anything because she had done nothing wrong.

75.     Simajreet then stated that she did not understand, that English was not her first language, and that she wanted a lawyer.

76.     Simarjeet was told that if she did not write anything, she would go to jail.

77.     She was then told that if she confessed, she would go home.

78.     She was then falsely told that Amna had confessed to stealing, agreed to pay the money or return the merchandise, and that she was allowed to go home.

79.     Defendant Markowski then left the room and locked the door so that Simarjeet could not escape. Before he left the room, he told her to write a confession if she wanted to go home.

80.     After Defendant Markowski left the room, Simarjeet tried to leave the room, but the door was locked.

81.     After a while, Defendant Markowski came back into the room.

82.     When he returned, Defendant Markowski demanded that she write a confession. Simarjeet responded by crying all over the paper.

83.     At all times releveant, Defendant Markowski was acting in the scope of him employment with Defendant Sears. Defendant Markowski faced no disciplinary action for his interaction with Simarjeet and continues to work at Sears.

### *Police*

84.     Defendant Markowski then took the paper from Simarjeet's hand and opened the door.

85.     To her surprise, a police officer was standing in the doorway.

**EXHIBIT 13, PAGE 14**

86. Simarjeet then tried to call her husband and Defendant Birkmaier took her phone away.

87. Defendant Birkmaier then handcuffed Simarjeet.

88. Shortly thereafter, Amna Iman appeared in the hallway.

89. Simajeet shouted to Amna in Punjabi: "This happened all because of you!!"

90. Defendant Birkmaier pushed Simarjeet into the wall – unreasonably using force in violation of Baltimore County Police Department Policy – as Simarjeet posed no threat to herself, any law enforcement, or anyone else and displayed not physicial use of force.

91. After striking the wall, Simarjeet fell onto the floor striking her head.

92. Simarjeet then suffered a seizure.

93. An ambulance was called to the scene.

### *Lack of Evidence and Probable Cause*

94. Despite possessing no evidence that Simarjeet had shoplifted or knowingly assisted in any alleged shoplifting at the White Marsh Sears, Defendant Markowski called the Baltimore County Police Department to report a suspected theft by Plaintiff Simarjeet Kaur.

95. Defendant Pollack and Defendant Birkmaier were dispatched to the scene.

96. Defendant Markowski then told Defendants Birkmaier and Pollack that Plaintiff Simarjeet Kaur and Amna Iman were "free bagging" items on November 14, 2018, November 18, 2018, November 27, 2018, December 1, 2018, and December 14, 2018.

97. "Free bagging" is apparently a process in which employees of a store scan one item and place it into a bag with other items that were not scanned into the bag – so that only a portion of the items are paid for.

98. Importantly, Plaintiff Kaur did not work on two of those days, thus had no opportunity to "free bag" and could not have participated in any "free bagging" on those days.

99. Defendant Markowski then falsely stated that he had video evidence of the theft from CCTV.

100. No such video existed or has ever been produced.

101. Despite allegedly containing "smoking gun" evidence of alleged thefts, Defendants Pollack and Birkmaier never requested to see such evidence or video and never watched the video or evidence.

**EXHIBIT 13, PAGE 15**

102.     Defendants Pollack and Birkmaier never asked Defendant Markowski whether there was any other evidence that Plaintiff Simarjeet Kaur committed thefts, including the presence of any allegedly stolen items on her person, any receipts from any transactions documenting partial payment of items, any receipts from transactions demonstrating full payment for items (innocence), any credit card statements (innocence), or any other witnesses.

103.     No such evidence exists and has never been produced.

104.     Instead, Defendants Pollack and Birkmaier then conspired with Defendant Markowski to extract a confession out of Plaintiff Kaur in violation of Baltimore County Police Orders – knowing that Plaintiff Kaur had not been "Mirandized" nor was there any probable cause or reasonable articulable suspicion that Plaintiff Kaur had, in fact, committed any crime to detain her.

105.     When Defendant Markowski was unable to extract a written or recorded confession out of Plaintiff Kaur, Defendants Pollack and Birkmaier then conspired with Defendant Markowski to claim that Plaintiff Kaur orally confessed to such thefts – an impossibility given that: (a) she did not work on two of the dates in which she was accused of shoplifting and allegedly committed theft by "freebagging", (b) had receipts or credit card statements for every item that she took from the store, (c) never checked her own items out – she always had one of her co-workers check her out, (d) was praised by management for her work ethic, efficiency, and timeliness of completing each assignment, and (e) no corroborating evidence existed showing that she assisted Amna in any way allegedly commit thefts.

106.     Furthermore, Defendants Pollack and Birkmaier knew that Maryland law required evidence to corroborate any alleged confession by a criminal defendant – which was completely lacking in this case.

107.     Amazingly, Plaintiff Kaur did not confess to shoplifting given that she was locked inside a room, threatened with incarceration, denied access to a lawyer, her husband, and her child, falsely promised that she would be able to go home if she confessed, and falsely told that Amna Iman confessed and was going home.

108.     Despite no evidence that Simajeet Kaur committed any theft or participated in any theft scheme, failing to verify any fabricated evidence, and failing to verify the facts, Defendants Birkmaier and Pollack arrested Plaintiff Simarjeet Kaur at the scene.

109.     Defendant Birkmaier transported Simarjeet to the White Marsh Precinct for several

hours, where she was kept in a holding cell, shackled with leg irons, and/or handcuffed.

### *Baseless Criminal Charges*

110.    Eventually, after her arrest and detention, Plaintiff Kaur was transported to the Essex District Court on Kelso Drive, where Defendant Birkmaier knowingly signed a false statement of charges in front of the District Court Commissioner.

111.    This Statement of Charges included false allegations that Simarjeet committed thefts on days that she did not work by "freebagging," that video evidence of her alleged thefts existed, the prices and quantities of goods allegedly stolen – despite recovering no such goods on Simarjeet Kaur or from her car or home, and that Simarjeet Kaur confessed to Defendant Markowski (although it is unclear what the confession involved as the items were very specific and not separated between Plaintiff Kaur and Amna Iman).

112.    At all times, Defendant Birkmaier knew it was against Maryland and Federal law as well as Baltimore County Police Department rules, regulations, guidelines, and general orders to falsify testimony and/or fabricate evidence to a judicial officer, particularly in constructing a statement of charges and a statement of probable cause.

113.    Despite these prohibitions, Defendant Birkmaier engaged in these unlawful acts.

114.    Relying upon these false allegations, the District Court Commissioner charged Plaintiff Kaur with one count of Theft Scheme ($1,500.00 to under $25,000.00) in violation of Maryland Code, Criminal, § 7-104, one count of theft under $100.00 in violation of Maryland Code, Criminal, § 7-104(g)(3), and four counts of theft between $100.00 and $1,500.00 in violation of Maryland Code, Criminal, § 7-104.

115.    Each charge carried a maximum sentence of either 5 Years, 6 months, or 90 days, respectively and a fine of $10,000 fine and $500, respectively.

116.    Simarjeet Kaur was eventually released from custody on her own recognizance in the morning of December 16, 2018.

117.    At all times relevant, Plaintiff was detained against her will and did not consent to her detention.

118.    Defendants Birkmaier, Pollack, and Markowski withheld from the prosecutor in the case that:

    a.    no evidence was recovered on Plaintiff Kaur, from her home, from

her car, or from anywhere else relating Plaintiff Kaur to the alleged
thefts or theft scheme;

b. no video evidence existed showing that Plaintiff Kaur committed
any theft or participated in any theft scheme;

c. Plaintiff Kaur had actually denied committing any thefts or
participating in any theft scheme despite locking her inside a room,
threatening her with incarceration, denying her access to a lawyer,
her husband, and her child, falsely promising that she would be able
to go home if she confessed, and falsely telling her that Amna Iman
confessed and was going home.

d. Plaintiff Kaur had offered receipts and credit card transaction
statements to prove that she had purchased every item that she
brought out of Sears;

e. Plaintiff Kaur did not have the opportunity to "free bag" on two of
the days that she was accused of free bagging (and video evidence
"allegedly" existed showing her participation in) because she did not
work on those days;

f. Defendant Markowski in conspiracy with Defendants Birkmaier and
Pollack attempted coerce an unlawful confession from Plaintiff
Kaur;

g. That Defendant Markowski in conspiracy with Defendants
Birkmaier and Pollack lied about Simarjeet confessing to alleged
thefts – that she could not have participated in due to her work
schedule;

h. That there was no additional evidence or any witnesses tying
Simarjeet to any thefts;

i. That there was no evidence corroborating any alleged confession
from Simarjeet.

119.   In sum, Defendants Birkmaier, Pollack, and Markowski withheld from the
prosecutor that there was no evidence, probable cause, or reasonable articulable suspicion tying
Plaintiff Kaur to any alleged theft or theft scheme; and that Defendants Birkmaier and Pollack had

arrested Plaintiff without probable cause, without reasonable articulable suspicion, and on the basis of false and/or fabricated evidence; that no evidence tying Plaintiff Kaur to any of her charges existed; and that Defendant Birkmaier had procured her criminal prosecution through false statements in his Statement of Probable cause and to the District Court Commissioner.

120. Fortunately, Plaintiff Kaur eventually hired a lawyer to go to Court with her and the prosecutor, when learning that no evidence existed in the case against her, entered a *nolle prosequi* as to all six charges on April 11, 2019.

### *Effect of the False Imprisonment and Arrest*

121. After facing these false charges, Plaintiff could not stop worrying about what would happen to her. She was unable to eat or sleep and became suicidal.

122. Plaintiff developed a pain in both her arms, suffered from headaches, and had pain in her neck and back as a result of the excessive physical force from the officer.

123. Plaintiff was limited in her job prospects due to her alleged participation in thefts and theft schemes.

124. Furthermore, Plaintiff continued to suffer from seizures. For instances, Plaintiff was involved in a motor vehicle collision on May 15, 2019. A police officer arrived on the scene. Plaintiff believed that the police officer would arrest her for the collision and she became unresponsive and started seizing.

125. Plaintiff was embarrassed in front of her neighbors, friends, family, and co-workers while the charges were pending and afterwards. Plaintiffs suffered significant shame and humiliation as a result of the charges.

126. As described above, Plaintiff is still picking up the pieces from the wreckage caused by Defendants' actions. Actions that had a deep, profound, and lasting impact on Plaintiff's life.

127. Plaintiff never received her remaining paychecks of December 7, 12, and 15, 2018, totaling $1,300.00.

### *Debt Collection*

128. After the charges were dropped against Plaintiff Simarjeet Kaur, The Sears Defendants hired the Palmer Defendants to collect alleged value of the stolen merchandise from Plaintiff Kaur.

129.    The Sears Defendants hired the Palmer Defendants for this collection action knowing that Plaintiff Kaur did not steal or participate in the theft of any merchandise from Sears and that no evidence existed whatsoever tying Plaintiff Kaur to any alleged theft from Sears.

130.    The Palmer Defendants did not verify with the Sears Defendants or any other source that Plaintiff Kaur owed any money to the Sears Defendants nor did the Palmer Defendants undertake any independent investigation on their own to verify that any money was owed to Sears.

131.    Nonetheless, the Palmer Defendants sent four threatening letter to Plaintiff Kaur falsely accusing her of theft, failing to make Sears whole, and threatening her with further legal action, including attorneys' fees, court costs, and other legal expenses, as well as potentially seeking monetary amounts in excess of the amount allegedly owed, the fees, costs, and expenses – punishment under the law.

### *Liability of the Government Actors*

132.    Prior to Simarjeet's arrest, Baltimore County Police Department developed a policy, procedure, pattern, and practice of abdicating its independent duty to investigate potential crimes to the Loss Prevention Officers across the County and refusing to review or verify that allegations of theft brought by Loss Prevention Officers. As a result, innocent individuals were charged with crimes in which probable cause was lacking, exculpatory evidence existed, and no evidence of any wrongdoing was present.

133.    Defendants Birkmaier and Pollack were acting in their individual capacity and under the color of law as employees, servants, and/or agents of the Government Entities.

134.    Defendants Birkmaier and Pollack were also acting in their official capacity as policymakers for the Government Entities setting the policies described above.

135.    Defendants were responsible for training and supervising (in both their job and non-job functions) the agents, servants, and employees involved in this incident.

136.    Defendants were responsible for selecting and retaining the agents, servants, and employees involved in this occurrence, and was responsible for selecting agents and employees, and servants competent and fit to perform their duties.

137.    Plaintiffs placed Defendants on notice of their claim as required by the Local Government Tort Claims Act (Maryland Code, Courts & Judicial Proceedings, §§ 5-301 *et. seq.*) by mailing the required notice via, certified, first-class U.S. mail, postage prepaid, return receipt

**EXHIBIT 13, PAGE 20**

requested to Baltimore County, Maryland, on or before August 28, 2019. Plaintiff placed Defendants on notice of their claim as required by the Maryland Tort Claims Act (Maryland Code, State Government, §§ 12-101 *et. seq.*) by mailing the required notice via, certified, first-class U.S. mail, postage prepaid, return receipt requested to Nancy Kopp, Treasurer, 80 Calvert Street, Room 109, Annapolis, Maryland 21401 on or before August 28, 2019.

138.    Alternatively to the above Paragraph, Plaintiff placed Defendants on notice of their claim in substantial compliance with the Local Government Tort Claims Act;

139.    Alternatively to the above Paragraph, Defendants waived the notice requirement for Plaintiff under the Local Government Tort Claims Act.

140.    Plaintiff has complied with all legal and other preconditions (and/or conditions precedent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

141.    Plaintiff has complied with all legal and other post-conditions (and/or conditions subsequent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

142.    Alternatively, no party was prejudiced by Plaintiff's failure to comply, in whole or in part, with all legal and other preconditions (and/or conditions precedent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

143.    Alternatively, no party was prejudiced by Plaintiff's failure to comply, in whole or in part, with all legal and other post-conditions (and/or conditions subsequent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

144.    Alternatively, all parties waived all legal and other preconditions (and/or conditions precedent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

145.    Alternatively, all parties waived all legal and other post-conditions (and/or conditions subsequent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

146.    Alternatively, Plaintiff(s) have and can show good cause to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

147.    Alternatively, Defendant(s) had actual or constructive notice of: (a) the claimant's injury; or (b) the defect or circumstances giving rise to the claimant's injury.

## COUNT I – BATTERY
### *(All Plaintiffs v. All Defendants)*

148.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

149.    Defendant(s), its/their agents, servants, and employees intended to contact Plaintiff(s) in a harmful or offensive manner.

150.    Defendant(s), its/their agents, servants, and employees contacted Plaintiff(s) in a harmful or offensive manner.

151.    Plaintiff(s) did not consent to the contact with Defendant(s), its/their agents, servants, and employees.

152.    The conduct of Defendant(s), its/their agents, servants, and employees was deliberate and perpetrated with actual malice.

153.    As a direct and proximate result of the battery by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT II – FALSE ARREST
### *(All Plaintiffs v. All Defendants)*

154.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

155.    Defendant(s), its/their agents, servants, and employees, intentionally and unlawfully restrained and detained Plaintiff(s).

156.    Defendant(s), its/their agents, servants, and employee's intentional and unlawful restraint and detention caused Plaintiff(s) to be deprived of Plaintiff(s)'s freedom of movement.

157.    Plaintiff(s) did not consent to being restrained or detained by Defendant(s), its/their agents, servants, and employees.

158.    Defendant(s), its/their agents, servants, and employees were without legal justification to deprive Plaintiff(s) of Plaintiff(s)'s freedom of movement because Defendant(s), its/their agents, servants, and employees, arrested Plaintiff(s) without a warrant, without probable cause, with demonstrated ill will, with an improper motive, and/or with an evil purpose.

**EXHIBIT 13, PAGE 22**

159.    As a direct and proximate result of the false arrest by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT III – FALSE IMPRISONMENT
### *(All Plaintiffs v. All Defendants)*

160.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

161.    Defendant(s), its/their agents, servants, and employees unlawfully deprived Plaintiff(s) of Plaintiff(s)'s liberty.

162.    Plaintiff(s) did not consent to the deprivation of Plaintiff(s)'s liberty and was held against Plaintiff(s)'s will for an extended period of time.

163.    Defendant(s), its/their agents, servants, and employees were without legal justification for depriving Plaintiff(s) of Plaintiff(s)'s liberty.

164.    The conduct of Defendant(s), its/their agents, servants, and employees was perpetrated with actual malice.

165.    As a direct and proximate result of the false imprisonment by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *(All Plaintiffs v. All Defendants)*

166.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

167.    The conduct of Defendant(s), its/their agents, servants, and employees was intentional or reckless, and in deliberate disregard of a high probability that emotional distress would result to the Plaintiff(s)

168.    The conduct of Defendant(s), its/their agents, servants, and employees was extreme and outrageous and beyond the bounds of societal decency.

169.    The conduct of Defendant(s), its/their agents, servants, and employees was malicious, willful, and intentional.

**EXHIBIT 13, PAGE 23**

170.    As a direct and proximate result of the wrongful conduct and intentional infliction of emotional distress by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) has/have sustained a severely disabling emotional response. Additionally, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT V – GROSS NEGLIGENCE
### (All Plaintiffs v. All Defendants)

171.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

172.    Defendants owed Plaintiffs and all others a duty to act or refrain from acting in a manner that does not create a wanton and reckless disregard for others – by avoiding intentionally inflicting injury or acting (or failing to act) in a manner that was so utterly indifferent to the right of others as if such rights did not exist.

173.    Defendant(s) breached this duty and were grossly negligent for the reasons stated above.

174.    As a direct and proximate result of the actions/inactions by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT VI – MALICIOUS PROSECUTION
### (All Plaintiffs v. All Defendants)

175.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

176.    Defendant(s), its/their agents, servants, and employees instituted and continued criminal proceedings against Plaintiff(s).

177.    Defendant(s), its/their agents, servants, and employees:

   a.    Directed or requested a prosecution based on information that Defendant(s), its/their agents, servants, and employees knew was false;

   b.    Withheld information that a reasonable person would realize might affect the decision to prosecute; and/or

   c.    Gave inaccurate or incomplete information to those who prosecute.

178.    The proceedings against Plaintiff(s), i.e. the accused in the criminal case, was/were terminated in Plaintiff(s)'s favor.

179.    Defendant(s), its/their agents, servants, and employees lacked the probable cause necessary for the proceeding against Plaintiff(s).

180.    The prosecution against Plaintiff(s) was/were instituted with malice and was not for the purpose of bringing Plaintiff(s), i.e. the alleged offender, to justice.

181.    As a direct and proximate result of the malicious prosecution by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) has/have sustained and continues to suffer from severe mental anguish and loss of reputation. Additionally, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT VII – INVASION OF PRIVACY (Intrusion Upon Seclusion)
### *(All Plaintiffs v. All Defendants)*

182.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

183.    Defendants intentionally intruded upon Plaintiffs' private place and/or the affairs of Plaintiffs.

184.    Plaintiffs did not consent to Defendants' actions.

185.    Defendants' intrusions would be highly offensive to a reasonable person.

186.    The actions of Defendants were performed intentionally and with malice.

187.    As a direct and proximate result of these acts/actions/inactions/omissions, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT VIII – INVASION OF PRIVACY (Unreasonable Publicity)
### *(All Plaintiffs v. All Defendants)*

188.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

189.    Defendants intentionally publicized Plaintiffs private facts.

190.    Plaintiffs' private facts are not and were not valid concern to the public.

191.    Plaintiffs did not consent to Defendants' actions.

**EXHIBIT 13, PAGE 25**

192.   Defendants' publication would be highly offensive to a reasonable person.

193.   The actions of Defendants were performed intentionally and with malice.

194.   As a direct and proximate result of these acts/actions/inactions/omissions, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT IX – INVASION OF PRIVACY (False Light)
### (All Plaintiffs v. All Defendants)

195.   Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

196.   Defendants intentionally gave publicity to a matter concerning Plaintiffs that places Plaintiffs before the public in a false light.

197.   The false light in which Plaintiffs were placed would be highly offensive to a reasonable person.

198.   Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiffs would be placed.

199.   Plaintiffs did not consent to Defendants' actions.

200.   The actions of Defendants were performed intentionally and with malice.

201.   As a direct and proximate result of these acts/actions/inactions/omissions, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT X – CIVIL CONSPIRACY
### (All Plaintiffs v. All Defendants)

202.   Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

203.   As described above, a confederation of two or more person by agreement or understanding existed.

204.   The purpose of this agreement and understanding was to commit some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal.

EXHIBIT 13, PAGE 26

205.   As a direct and proximate result of these acts/actions/inactions/omissions, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT XI – AIDING AND ABETTING
### (All Plaintiffs v. All Defendants)

206.   Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

207.   As described above, there was independent tortious conduct by the direct perpetrator of the tort.

208.   As described above, there was substantial assistance aid or encouragement to the principal tortfeasor by Defendant(s).

209.   Defendant(s) actually knew or should have known of the wrongful conduct and participated in furthering such conduct.

210.   As a direct and proximate result of these acts/actions/inactions/omissions, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT XII – VIOLATIONS OF THE MARYLAND DEBT COLLECTION
PRACTICES ACT (Maryland Code, Commercial Law, §§14-201 – 14-204)
### (All Plaintiffs v. All Defendants)

211.   Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

212.   As alleged above, both the Sears Defendants and the Palmer Defendants were, at all times relevant, collectors engaged in the collection of debts arising out of consumer transactions as defined in Maryland Code, Commercial Law, §§14-201(b), (c), and (d).

213.   As alleged above, both the Sears Defendants and the Palmer Defendants engaged in acts prohibited by Maryland Code, Commercial Law, §§14-202, including threats of criminal prosecution, threats of Plaintiff's creditworthiness, threats against Plaintiff's reputation, communicating with the debtor after request not to engage and in an unreasonable manner menat to harass and abuse customer, claim, attempt, or threaten to enforce a right with knowledge that

EXHIBIT 13, PAGE 27

the right does not exist.

214. Plaintiff suffered emotional distress and mental anguish as a direct and proximate result of Defendants conduct.

215. For each violation, Plaintiff is entitled to actual and statutory damages in an amount to be determined at trial by a jury and reasonable attorneys fees and costs.

216. As a direct and proximate result of these acts/actions/inactions/omissions, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT XIII – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 USC §§ 1692– 1692p)
*(All Plaintiffs v. All Defendants)*

217. Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

218. As alleged above, both the Sears Defendants and the Palmer Defendants are debt collectors within the meaning of 15 USC §1692a(6).

219. As alleged above, both the Sears Defendants and the Palmer Defendants engaged in acts prohibited by the Fair Debt Collection Practices Act, see 15 USC §§ 1692– 1692p.

220. These acts were against a consumer, Plaintiff.

221. This conduct includes, but is not limited to, contacting the alleged debtor after knowing of an attorney's presence (§1692c), use of threats and abuse (§1692d), use of false or misleading statements (§1692e), use of unfair practices (§1692f), and failure to validate a debt (§1692g).

222. For each violation, Plaintiff in entitled to actual and statutory damages in an amount to be determined at trial by a jury and reasonable attorneys fees and costs.

223. As a direct and proximate result of these acts/actions/inactions/omissions, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT XIV – VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION ACT (Maryland Code, Labor & Employment, §§ 3-501 – 3-509)
*(All Plaintiffs v. All Defendants)*

EXHIBIT 13, PAGE 28

224.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

225.    As alleged above, the Sears Defendants improperly withheld the final three paychecks, including bonus, for Plaintiff in violation of the Maryland Wage Payment and Collection Act – Maryland Code, Labor & Employment, §§ 3-501 – 3-509.

226.    For each violation, Plaintiff in entitled to actual and statutory damages in an amount to be determined at trial by a jury and reasonable attorneys fees and costs.

227.    As a direct and proximate result of these acts/actions/inactions/omissions, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT XV – VIOLATION OF FAIR LABOR STANDARDS ACT
### (29 USC §§ 201 – 219)
### *(All Plaintiffs v. All Defendants)*

228.    Plaintiffs incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

229.    As alleged above, the Sears Defendants improperly withheld the final three paychecks, including bonus, for Plaintiff in violation of the Fair Labor Standards Act – 29 USC §§ 201 – 219.

230.    For each violation, Plaintiff in entitled to actual and statutory damages in an amount to be determined at trial by a jury and reasonable attorneys fees and costs.

231.    As a direct and proximate result of these acts/actions/inactions/omissions, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT XVI – NEGLIGENCE
### *(All Plaintiffs v. All Defendants)*

232.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

233.    Defendant(s), its/their agents, servants, and employees had a duty to use reasonable care in:

**EXHIBIT 13, PAGE 29**

    a.    Investigating Plaintiff(s);

    b.    Charging Plaintiff(s);

    c.    Detaining Plaintiff(s);

    d.    Arresting Plaintiff(s);

    e.    Transporting Plaintiff(s);

    f.    Training its/their agents, servants, and employees;

    g.    Supervising its/their agents, servants and employees; and

    h.    Selecting agents, servants, and employees who were competent and fit to perform their duties.

234.    Defendant(s), its/their agents, servants, and employees breached their duties and were negligent for the following reasons:

    a.    Failing to use ordinary and reasonable care in investigating Plaintiff(s), including failing to establish probable cause to charge Plaintiff(s);

    b.    Failing to use ordinary and reasonable care in charging Plaintiff(s), including failing to verify that probable cause existed to charging Plaintiff(s)

    c.    Failing to use ordinary and reasonable care in detaining Plaintiff(s), including failing to verify that probable cause existed to charge Plaintiff(s)

    d.    Failing to use ordinary and reasonable care in arresting Plaintiff(s);

    e.    Failing to use ordinary and reasonable care in transporting Plaintiff(s);

    f.    Failing to use ordinary and reasonable care in detaining/imprisoning Plaintiff(s);

    g.    Failing to use ordinary and reasonable care in training their agents, servants, and employees, including the requirements of probable cause and the evidence required to charge an individual with child abuse and/or assault and the elements of that crime, and following the policies and procedures set forth by the Government Entities;

h.    Failing to use ordinary and reasonable care in supervising their employees in the performance of their job functions and non-job functions, including the requirements of probable cause and the evidence required to charge an individual with child abuse and/or assault and the elements of that crime, and following the policies and procedures set forth by the Government Entities;

i.    Failing to use proper care in selecting, supervising, or retaining employees, including those that could follow the requirements of probable cause and the evidence required to charge an individual with child abuse and/or assault and the elements of that crime, and following the policies and procedures set forth by the Government Entities;

j.    Failing to select employees or agents who were competent and fit to perform their duties, including those that could follow the requirements of probable cause and the evidence required to charge an individual with child abuse and/or assault and the elements of that crime, and following the policies and procedures set forth by the Baltimore County Police Department;

k.    Defendants, their agents, and their employees knew or should have known by the exercise of diligence and reasonable care that their agents and employees were capable of inflicting harm of some type; and

l.    Failing otherwise to exercise reasonable and ordinary care under the circumstances then and there existing.

235.    As a direct and proximate result of the actions/inactions by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

236.    All of Plaintiff(s)'s damages, injuries, losses, and harms were solely and proximately caused by the Defendant(s), its/their agents, servants, and employees, with no negligence on the part of Plaintiff(s) contributing thereto.

**EXHIBIT 13, PAGE 31**

## COUNT XVII – VIOLATION OF RIGHTS SECURED UNDER ARTICLE TWENTY-FOUR OF THE MARYLAND DECLARATION OF RIGHTS
### (All Plaintiffs v. All Defendants)

237.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

238.    Defendant(s), its/their agents, servants, and employees (a)(i) acted or (ii) engaged in activities or (b) failed to act in violation of Plaintiff(s)'s rights secured and protected under Article 24 of the State of Maryland Declaration of Rights and the Constitution of Maryland.

239.    Article 24 states: "That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land."

240.    The acts and omissions of Defendant(s), its/their agents, servants, and employees detailed within this Complaint, include, but are not limited to the use of force against Plaintiff(s) and the arrest of Plaintiff(s) without probable cause or a valid arrest warrant, deprived Plaintiff(s) of Plaintiff(s)'s rights under the Maryland Declaration of Rights, including, but not limited to:

   a. freedom from imprisonment without probable cause, without due process, without judgment of Plaintiff(s)'s peers, and in violation of the Law of the Land;

   b. freedom from seizure of freehold, liberty, and/or privileges without probable cause, without due process, without judgment of Plaintiff(s)'s peers, and in violation of the Law of the Land;

   c. freedom from outlaw without probable cause, without due process, without judgment of Plaintiff(s)'s peers, and in violation of the Law of the Land;

   d. freedom from exile without probable cause, without due process, without judgment of Plaintiff(s)'s peers, and in violation of the Law of the Land;

   e. freedom from the deprivation of life, liberty, or property without probable cause, without due process, without judgment of Plaintiff(s)'s peers, and in violation of the Law of the Land;

**EXHIBIT 13, PAGE 32**

 f. freedom from the destruction of his freehold, life, liberty, or property without probable cause, without due process, without judgment of Plaintiff(s)'s peers, and in violation of the Law of the Land;

 g. freedom from the abuse of power by the police without probable cause, without due process, without judgment of Plaintiff(s)'s peers, and in violation of the Law of the Land;

 h. freedom from the summary punishment without probable cause, without due process, without judgment of Plaintiff(s)'s peers, and in violation of the Law of the Land;

 i. right to bodily integrity;

 j. right to personal security;

 k. right to be free from abuse by governmental actors;

 l. right to a private property interest in Plaintiff(s)'s freedom;

 m. right to exercise free will and domain over Plaintiff(s)'s person;

 n. right to be free from unlawful and unwelcome battery by police;

 o. right to be free from the use of excessive and unnecessary physical force on Plaintiff(s)'s person by the Defendant(s), its/their agents, servants, and employees;

 p. right to be free from arrest and detention without probable cause, legal excuse, or justification;

 q. ability exercise free will and dominion over their person;

 r. ability to practice Plaintiff(s)'s chosen profession and earn a living;

241. Plaintiff(s) has/have a protected property interest in the rights, liberties, and privileges described above and Plaintiff(s) was/were deprived of numerous protected property interests by the Defendants, their agents, and their employees when Defendant(s) investigated, charged, arrested, detained, placed in confinement, imprisoned, and prosecuted Plaintiff(s) as described above without probable cause, legal excuse, or justification and/or a valid arrest warrant.

242. Plaintiff(s) was/were afforded less process than was due under law by the Defendant(s), its/their agents, servants, and employees in depriving them of the rights in question.

243.    The individual Defendant(s), its/their agents, servants, and employees, at all times relevant hereto, acted under color of law and in a manner that was not objectively reasonable.

244.    Plaintiff(s) further allege(s) that all of Plaintiff(s)'s injuries, losses, and damages - past, present and prospective - were caused solely by the conduct, actions, and inactions of the Defendant(s), its/their agents, servants, and employees, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff(s), either directly or indirectly.

245.    Defendant(s), its/their agents, servants, and employees adopted a policy, pattern, and/or practice of action and/or inaction that facilitated the violation of Plaintiff(s) rights.

246.    Defendant(s), its/their agents, servants, and employees tacitly approved and displayed deliberate indifference towards this unconstitutional conduct reflecting what amounted to an official policy of inaction.

247.    As a direct and proximate result of these acts, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

## COUNT XVIII – VIOLATION OF RIGHTS SECURED UNDER ARTICLE TWENTY-SIX OF THE MARYLAND DECLARATION OF RIGHTS
### *(All Plaintiffs v. All Defendants)*

248.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

249.    Defendant(s), its/their agents, servants, and employees (a)(i) acted or (ii) engaged in activities or (b) failed to act in violation of Plaintiff(s)'s rights secured and protected under Article 26 of the State of Maryland Declaration of Rights and the Constitution of Maryland.

250.    Article 26 states: "That all warrants, without oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places, or to apprehend suspected persons, without naming or describing the place, or the person in special, are illegal, and ought not to be granted."

251.    The acts and omissions of Defendant(s), its/their agents, servants, and employees detailed within this Complaint, include, but are not limited, the arrest of Plaintiff(s) without probable cause or a valid arrest warrant, deprived Plaintiff(s) of Plaintiff(s)'s rights under the Maryland Declaration of Rights, including, but not limited to:

**EXHIBIT 13, PAGE 34**

a.  freedom from arrest, detention, or imprisonment without probable cause;

b.  freedom from unlawful search or seizure without probable cause;

c.  freedom from the deprivation of life, liberty, or property without probable cause;

d.  freedom from the abuse of power by the police without probable cause;

e.  right to bodily integrity;

f.  right to personal security;

g.  right to be free from abuse by governmental actors;

h.  right to a private property interest in Plaintiff(s)'s freedom;

i.  right to exercise free will and domain over Plaintiff(s)'s person;

j.  right to be free from arrest and detention without probable cause, legal excuse, or justification;

k.  ability exercise free will and dominion over their person;

l.  ability to practice Plaintiff(s)'s chosen profession and earn a living;

252.  Plaintiff(s) has/have a protected property interest in the rights, liberties, and privileges described above and Plaintiff(s) was/were deprived of numerous protected property interests by the Defendants, their agents, and their employees when Defendant(s) investigated, charged, arrested, detained, placed in confinement, imprisoned, and prosecuted Plaintiff(s) as described above without probable cause, legal excuse, or justification and/or a valid arrest warrant.

253.  Plaintiff(s) was/were afforded less process than was due under law by the Defendant(s), its/their agents, servants, and employees in depriving them of the rights in question.

254.  The individual Defendant(s), its/their agents, servants, and employees, at all times relevant hereto, acted under color of law and in a manner that was not objectively reasonable.

255.  Plaintiff(s) further allege(s) that all of Plaintiff(s)'s injuries, losses, and damages - past, present and prospective - were caused solely by the conduct, actions, and inactions of the Defendant(s), its/their agents, servants, and employees, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff(s), either directly or indirectly.

256.  Defendant(s), its/their agents, servants, and employees adopted a policy, pattern, and/or practice of action and/or inaction that facilitated the violation of Plaintiff(s) rights.

257.    Defendant(s), its/their agents, servants, and employees tacitly approved and displayed deliberate indifference towards this unconstitutional conduct reflecting what amounted to an official policy of inaction.

258.    As a direct and proximate result of these acts, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

COUNT XIX – VIOLATION OF RIGHTS SECURED UNDER 42 U.S.C.A. § 1983
AND THE FOURTH AND FOURTEENTH AMENDMENT TO
THE UNITED STATES CONSTITUTION
_(All Plaintiffs v. All Defendants)_

259.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

260.    Defendant(s), its/their agents, servants, and employees (a)(i) acted or (ii) engaged in activities or (b) failed to act in violation of Plaintiff(s)'s clearly established rights secured and protected under 42 U.S.C.A. §1983 and, including, but not limited to, the Fourth and Fourteenth Amendment of the United States Constitution as well as the State of Maryland Declaration of Rights and the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and the Code of Baltimore County, Maryland.

261.    42 U.S.C.A. §1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

262.    The Fourth Amendment of the Constitution states, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or

EXHIBIT 13, PAGE 36

affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

263.    The Fourteenth Amendment of the Constitution incorporates the Fourth Amendment of the Constitution onto Defendants.

264.    Furthermore, the Fourteenth Amendment of the Constitution States: "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

265.    This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the following non-exhaustive sources: the United States Constitution, Federal law, the State of Maryland Declaration of Rights, the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and any local law or ordinance. The deprivation was of a clearly established right.

266.    Plaintiff(s) has/have a protected property interest in the rights, liberties, and privileges described above and Plaintiff(s) was/were deprived of numerous protected property interests by the Defendants, their agents, and their employees when Defendant(s) investigated, charged, arrested, detained, placed in confinement, imprisoned, and prosecuted Plaintiff(s) as described above without probable cause, legal excuse, or justification and/or a valid arrest warrant.

267.    Plaintiff(s) was/were afforded less process than was due under law by the Defendant(s), its/their agents, servants, and employees in depriving them of the rights in question.

268.    The individual Defendant(s), its/their agents, servants, and employees, at all times relevant hereto, acted under color of law and in a manner that was not objectively reasonable.

269.    Plaintiff(s) further allege(s) that all of Plaintiff(s)'s injuries, losses, and damages - past, present and prospective - were caused solely by the conduct, actions, and inactions of the Defendant(s), its/their agents, servants, and employees, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff(s), either directly or indirectly.

270.    Defendant(s), its/their agents, servants, and employees adopted a policy, pattern, and/or practice of action and/or inaction that facilitated the violation of Plaintiff(s) rights.

EXHIBIT 13, PAGE 37

271.    Defendant(s), its/their agents, servants, and employees tacitly approved and displayed deliberate indifference towards this unconstitutional conduct reflecting what amounted to an official policy of inaction.

272.    As a direct and proximate result of these acts, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

### COUNT XX – VIOLATION OF RIGHTS SECURED UNDER 42 U.S.C.A. § 1983 AND THE FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
(*All Plaintiffs v. All Defendants*)

273.    Plaintiff(s) incorporate by reference and re-allege the allegations contained in the preceding paragraphs, as if fully set forth herein.

274.    Defendant(s), its/their agents, servants, and employees (a)(i) acted or (ii) engaged in activities or (b) failed to act in violation of Plaintiff(s)'s rights secured and protected under 42 U.S.C.A. §1983 and, including, but not limited to, the Fourth and Fourteenth Amendment of the United States Constitution as well as the State of Maryland Declaration of Rights and the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and the Code of Baltimore County, Maryland.

275.    42 U.S.C.A. §1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

276.    The Fifth Amendment of the Constitution states, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time

38 of 41

of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, *nor be deprived of life, liberty, or property, without due process of law*; nor shall private property be taken for public use, without just compensation."

277.    The Fourteenth Amendment of the Constitution incorporates the Fourth Amendment of the Constitution onto Defendants.

278.    Furthermore, the Fourteenth Amendment of the Constitution States: "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. *No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*"

279.    This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the following non-exhaustive sources: the United States Constitution, Federal law, the State of Maryland Declaration of Rights, the Constitution of the State of Maryland, the Laws of the State of Maryland, the Regulations of the State of Maryland, and any local law or ordinance.    The deprivation was of a clearly established right.

280.    Plaintiff(s) has/have a protected property interest in the rights, liberties, and privileges described above and Plaintiff(s) was/were deprived of numerous protected property interests by the Defendants, their agents, and their employees when Defendant(s) investigated, charged, arrested, detained, placed in confinement, imprisoned, and prosecuted Plaintiff(s) as described above without probable cause, legal excuse, or justification and/or a valid arrest warrant.

281.    Plaintiff(s) was/were afforded less process than was due under law by the Defendant(s), its/their agents, servants, and employees in depriving them of the rights in question.

282.    The individual Defendant(s), its/their agents, servants, and employees, at all times relevant hereto, acted under color of law and in a manner that was not objectively reasonable.

283.    Plaintiff(s) further allege(s) that all of Plaintiff(s)'s injuries, losses, and damages - past, present and prospective - were caused solely by the conduct, actions, and inactions of the Defendant(s), its/their agents, servants, and employees, as set forth herein, without any negligence, want of due care, or provocation on the part of the Plaintiff(s), either directly or indirectly.

**EXHIBIT 13, PAGE 39**

284. Defendant(s), its/their agents, servants, and employees adopted a policy, pattern, and/or practice of action and/or inaction that facilitated the violation of Plaintiff(s) rights.

285. Defendant(s), its/their agents, servants, and employees tacitly approved and displayed deliberate indifference towards this unconstitutional conduct reflecting what amounted to an official policy of inaction.

286. As a direct and proximate result of these acts, by Defendant(s), its/their agents, servants, and employees, Plaintiff(s) have/has sustained legally recognized damages, injuries, losses, and harms.

WHEREFORE, Plaintiff Simarjeet Kaur, demand(s) judgment against Defendants Police Officer Pollack #5596; Police Officer Birkmaier #5991; Baltimore County Police Department; American Freight Outlet Stores, LLC, doing business as Sears; Sears Holdings Corporation, doing business as Sears; Sears Operations LLC, doing business as Sears; Sears Outlet Stores LLC, doing business as Sears; Sears, Roebuck and Co. , doing business as Sears; Transform Holdco LLC, doing business as Sears; Transform Operating Stores, LLC, doing business as Sears; Transform SR LLC, doing business as Sears; Transform SR Brands LLC, doing business as Sears; Transform SR Holdings LLC, doing business as Sears; Transform SR Operations, LLC, doing business as Sears; ESL Investments, Inc., doing business as Sears; ESL Investment Management, LP, doing business as Sears; ESL Investment Management (GP), LLC, doing business as Sears; Seritage Growth Properties, LP, doing business as Sears; Seritage Growth Properties, doing business as Sears; Seritage KMT Finance, doing business as Sears; Seritage SRC Finance, doing business as Sears; Palmer Recovery Attorneys, PLLC; PRA Law Firm, PLLC; Barry Rigby, Esquire; Jeffrey Markowski, jointly and severally, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in compensatory damages, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in punitive damages, plus interest, costs, reasonable attorney's fees, and all other relief deemed just and necessary under the circumstances.

EXHIBIT 13, PAGE 40

Respectfully Submitted,

**LEDYARD LAW LLC**

By: /s/ David C.M. Ledyard
David C.M. Ledyard
CPF No.: 0912160165
Federal Bar No.: 29198
1 North Charles Street, Suite 1215
Baltimore, Maryland 21201
Phone: (410) 807-8077
Fax:    (410) 807-8076
david@ledyardlaw.com

*Counsel for Plaintiff(s)*

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues raised herein.

/s/ David C.M. Ledyard
David C.M. Ledyard

**EXHIBIT 13, PAGE 41**

**JUDICIAL RECORDS INVOICE**

From: Baltimore County Clerk of the Circuit Court
Judicial Records
PO Box 6754
Towson MD 21285-6754

Date: 01/14/2021

Re (Case Number if applicable): 03-C-09-011351

Case Name: Burson, et al vs. Bishop, et al

Documents Requested: Order to Docket Suit

**Your request is priced as follows:**

**PAYMENT:**

| | | | |
|---|---|---|---|
| ✓ Cost per copy page is $0.50 per page | ( 32 x $ 0.50 | = $ 16.00 | ) |
| Cost per certification is $5.00 | ( 0 x $ 5.00 | = $ 0.00 | ) |
| Cost per Exemplification is $10.00 | ( x $10.00 | = $ 0.00 | ) |
| | TOTAL DUE | = $ 16.00 | |

**PAYMENT OPTIONS:**
Include a copy of this invoice with your mailed payment and mail to address above.
Payable to: Clerk of the Circuit Court
- Money Order
- Certified Check that includes:
  - Your name and current address and imprinted account number
  - Not accepted: Out-of-state personal check or Two-Party check
- SAME-DAY PROCESSING:
  - We accept VISA or MasterCard Credit Card Payment by telephone.
    To pay using this option, dial 410-887-3494

**ADDITIONAL INFORMATION:**

| | | |
|---|---|---|
| ✓ | Your Full Name | Laura Palisin |
| ✓ | Your Full Address | 183 Martin Road |
| | | Sarver PA 16055 |
| ✓ | Your Telephone Number | 412-216-9886 |
| ✓ | Last 4 digits ONLY of your Credit Card Number if applicable | 7823 |

PER (Employee's Initials): RJ