**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **SIMARJEET KAUR,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil No. SAG-21-00292 |
| | * | |
| **OFFICER POLLACK,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Simarjeet Kaur ("Plaintiff") filed an Amended Complaint against multiple Defendants, including Sears, Roebuck & Co. ("Sears"), alleging twenty different causes of action including various torts and state and federal constitutional claims. ECF 7. Sears filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF 13. Plaintiff filed an opposition, ECF 19, and Sears replied, ECF 20. In its reply, Sears clarified that it seeks dismissal of all Counts except Count XIV, violation of the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Emp. §§ 3-501–3-509, and Count XV, violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. ECF 20 at 12. At this Court's request, Plaintiff filed a surreply, clarifying which counts of the amended complaint Plaintiff agrees should be dismissed based on Sears's furnishing of a worker's compensation insurance policy. ECF 22. Plaintiff voluntarily consents to the dismissal without prejudice of Counts I, V, XII, XIII, XVI, XVII, XVIII, XIX. ECF 22 at 1–2. Therefore, nine Counts remain disputed. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, in addition to the voluntarily dismissed counts enumerated

above, Sears's motion to dismiss will be granted as to Counts VII, VIII, IX, and XI, and denied as to Counts II, III, IV, VI, and X.

## I.    Factual Background

The following factual allegations are derived from the Amended Complaint and are assumed to be true for purposes of this motion. Plaintiff began working for the Sears outlet store in White Marsh, Maryland in October, 2018. ECF 7 ¶ 41.   During her employment, Plaintiff regularly gave a co-worker, Amna Inam, rides to and from work since Ms. Inam did not have her own vehicle. *Id.* ¶ 42–43.

On December 15, 2018, at the end of Plaintiff's shift, one of the store managers called Plaintiff into a back office. *Id.* ¶¶ 50–52. The manager then took Plaintiff to a senior manager's office where Jeffrey Markowski, a loss prevention employee for Sears, was waiting. *Id.* ¶¶ 53–55. Mr. Markowski locked the office door and began asking Plaintiff a series of questions about her job and whether she was aware of any "scams" at the store. *Id.* ¶¶ 56–57. Mr. Markowski then falsely stated that he had video that showed Plaintiff taking unpaid merchandise from the sales counter to her car. *Id.* ¶ 60. Plaintiff denied the accusation and told Mr. Markowski that she had receipts or credit card statements showing she paid for all the merchandise she took from Sears. *Id.* ¶¶ 61–62. Mr. Markowski refused to accept Plaintiff's answer and falsely stated that he had proof that she helped Ms. Inam steal from the store. *Id.* ¶¶ 63–64. Plaintiff, who did not understand English well, was confused and said that she wanted to go home to her family and asked if she could get a lawyer. *Id.* ¶¶ 65–66. Mr. Markowski told her if she hired a lawyer, then she would go to jail, and demanded that she write a confession and agree to pay back the money for the stolen merchandise. *Id.* ¶¶ 67–68. Plaintiff refused to confess because she had not done anything wrong. *Id.* ¶ 74. She started crying and asked again to leave, to call her husband, and to speak to a lawyer.

*Id.* ¶¶ 69, 71, 75.  Mr. Markowski told her that if her husband came, she would be in even more trouble and that if a lawyer came or if she refused to write the confession, she would go to jail.  *Id.* ¶¶ 70–73, 76.  Mr. Markowski also falsely told Plaintiff that Ms. Iman had confessed to stealing, agreed to pay the store back, and was allowed to go home.  *Id.* ¶ 78.  He told Plaintiff again to write a confession if she wanted to go home, then left the room and locked the door behind him.  *Id.* ¶¶ 77, 79.  Plaintiff tried to leave the room, but could not because the door was locked.  *Id.* ¶ 80.

Mr. Markowski called the Baltimore County Police Department to report a suspected theft by Plaintiff.  *Id.* ¶ 94.  Officers Pollack and Birkmaier responded to the call.  *Id.* ¶ 95.  Mr. Markowski told the officers that Plaintiff and Ms. Iman were "free bagging" items on five specific dates in November and December of 2018, including two days that Plaintiff did not work.  *Id.* ¶¶ 96, 98.  Free bagging refers to a method of stealing merchandise where retail workers "scan one item and place it into a bag with other items that were not scanned . . . so that only a portion of the items are paid for."  *Id.* ¶ 97.  Mr. Markowski claimed there was closed circuit television footage of the thefts, but the officers never requested to see the video, and no such video has ever been produced.  *Id.* ¶¶ 99–101.  Likewise, Mr. Markowski did not produce, and the officers did not request, any other evidence that Plaintiff committed the thefts, such as statements of other witnesses, stolen merchandise, or partial receipts.  *Id.* ¶¶ 102–03.

Eventually Mr. Markowski returned to the locked office and again demanded Plaintiff write a confession.  *Id.* ¶¶ 81–82.  Plaintiff "responded by crying all over the paper."  *Id.* ¶ 82.  Mr. Markowski then opened the office door and revealed Officer Birkmaier standing in the doorway.  *Id.* ¶¶ 84–85.  Plaintiff tried to call her husband, but Officer Birkmaier took her phone away and handcuffed her.  *Id.* ¶¶ 86–87.  Ms. Iman appeared in the hallway, and Plaintiff yelled at her in

Punjabi saying, "This happened all because of you!!"  *Id.* ¶¶ 88–89.  Officer Birkmaier then pushed Plaintiff into the wall causing Plaintiff to fall onto the floor and hit her head.  *Id.* ¶¶ 90–91.  Plaintiff suffered a seizure, and an ambulance was called to the scene.  *Id.* ¶¶ 92–93.

Plaintiff was later transported to the Essex District Court where Officer Birkmaier signed a statement of charges in front of the District Court Commissioner.  *Id.* ¶ 110.  The charging document falsely alleged that Plaintiff committed thefts by "freebagging" on days she was not even working at Sears, that video evidence of the thefts existed, and that Plaintiff had confessed to Mr. Markowski.  *Id.* ¶ 111.  The District Court Commissioner charged Plaintiff with one count of theft scheme and five counts of theft.  *Id.* ¶ 114.  Plaintiff was later released from custody on her own recognizance on the morning of December 16, 2018. *Id.* ¶ 116.  Almost four months later, on April 11, 2019, upon learning there was no evidence supporting the charges, the prosecutor entered a *nolle prosequi* for all six counts.  *Id.* ¶ 120.

Notwithstanding the state's decision not to prosecute Plaintiff, Sears hired debt collectors, who sent Plaintiff four threatening letters, to collect the value of the alleged stolen merchandise from Plaintiff.  *Id.* ¶¶ 128, 131.  Plaintiff also lost her job at Sears and never received her final three paychecks, totaling $1,300.  *Id.* ¶ 127.  Because of the theft allegations against her, she was limited in her ability to find a new job.  *Id.* ¶ 123.  Plaintiff also suffered other negative effects on her health and wellbeing.  *Id.* ¶¶ 121–22, 124–26.  She was consumed with worry, could not eat or sleep, and became suicidal.  *Id.* ¶ 121.  She developed pain in her arms, neck, and back, and suffered from headaches and seizures.  *Id.* ¶¶ 122, 124.  She also experienced "significant shame and humiliation" in front of her neighbors, friends, family, and co-workers.  *Id.* ¶ 125.

## II.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss.  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010) (Agee, J., concurring); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

### III.   Analysis

Sears contends that most of Plaintiff's claims are barred by the Maryland Workers' Compensation Act ("WCA"). Additionally, Sears argues that Plaintiff has not alleged sufficient facts to support her malicious prosecution, invasion of privacy, conspiracy, and aiding and abetting

claims.  Plaintiff has conceded that some, but not all, of her claims are barred by the WCA. Specifically, she argues that her claims for false arrest, false imprisonment, intentional infliction of emotional distress ("IIED"), malicious prosecution, invasion of privacy, conspiracy, and aiding and abetting are not barred by the WCA and have been plausibly alleged in her amended complaint.

### A.  The Maryland Workers' Compensation Act

The Maryland WCA generally provides an exclusive remedy for employees to recover compensation for personal injuries sustained at work.  Md. Code Ann., Lab. & Empl. §§ 9-501–9-510 (stating that "liability of an employer under this title is exclusive" and "compensation provided under this title to a covered employee . . . is in place of any right of action").  However, the Act provides an exception for injuries that result from "the deliberate intent of the employer to injure" the employee.  *Id.* § 9-509(d).  If an employee suffers a deliberate or intentional injury, she has the option of bringing a worker's compensation claim or another civil action for damages.  *Id.*; *Federated Dep't Stores, Inc. v. Le*, 324 Md. 71, 81–87 (1991) (holding claims against employer for intentional tortious acts were not barred by the Act); *Gantt v. Security, USA*, 356 F.3d 547 (4th Cir. 2004) (holding "the intent to injure exception of the Workers' Compensation exclusivity rule" applied to employee's IIED claim).  It is undisputed that Plaintiff was a Sears employee covered by the WCA when she was injured.  Therefore, once Sears furnished proof of its workers' compensation policy, Plaintiff agreed that some of her claims sounding in negligence are barred by the act and should be dismissed.  ECF 22 at 1–2.

Plaintiff, however, maintains she is entitled to bring suit against Sears for several intentional torts.  Sears counters that the allegedly tortious conduct of Mr. Markowski cannot be attributed to Sears since Mr. Markowski was not acting as the "alter ego" of Sears, and therefore, the § 9-509(d) exception to the WCA does not apply.  ECF  13-1 at 6–7 (citing *Continental Cas.*

*Co. v. Mirabile*, 52 Md. App. 387, 396–98 (1982)).  This Court disagrees.  Though "not every intentional act or wrongdoing of a fellow employee can be attributed to the employer so as to allow a plaintiff to circumvent the exclusivity of his remedy under the WCA," *Tynes v. Shoney's Inc.*, 867 F. Supp. 330, 332–33 (D. Md. 1994) (citing *Le*, 324 Md. at 86), in a more recent decision than the case cited by Sears, the Maryland Court of Appeals has suggested that an employer's liability for an employee's intentional torts is not limited to situations where the employee is acting as the "alter ego" of the employer.  *See Le*, 324 Md. at 86.  Indeed, the circumstances in *Federated Department Stores, Inc. v. Le* are much like those alleged in Plaintiff's amended complaint.  In *Le*, the plaintiff employee alleged that the regional director for security for his employer department store cornered him in a back room, accused him of stealing store merchandise, and coerced him into signing a confession.  *Id.* at 74.  The court concluded that the plaintiff had sufficiently alleged that regional director acted with an intent to injure the plaintiff and that under these circumstances the plaintiff's claims against his employer were not barred by the WCA.  *Id.* at 87.  Based on the nearly identical facts pleaded in this case, this Court concludes that the Plaintiff's malicious prosecution, false arrest, false imprisonment, and IIED claims are not precluded by the exclusivity provision of the WCA.  *See also Gantt*, 356 F.3d 547, 556 n.3 (finding actions of the lowest level supervisor could be imputed onto the employer for purposes of the WCA's "intent to injure" exception even if supervisor was not the "alter ego" and supervisor's conduct was not "expressly authorized").

Sears also contends that because Plaintiff alleges she suffered physical injuries, her exclusive remedy, even for intentional torts, is through a worker's compensation claim.  ECF 20 at 4–5.  This argument is meritless.  Sears is correct that Maryland courts have found that certain intentional torts that do not involve physical injuries cannot be compensated under the WCA

because the employee claimant did not suffer an "accidental injury." *See Belcher v. T. Rowe Price Found., Inc.*, 329 Md. 709, 745 (1993) (holding that psychological injuries are compensable under the WCA but mere embarrassment or reputational harm does not constitute a "personal injury"); *Le v. Federated Dep't Stores, Inc.*, 80 Md. App. 89, 91–93 (1989) (holding the WCA does not apply to employee alleging false arrest, defamation, and IIED who suffered no physical or mental injury), *affirmed on other grounds* 324 Md. 71 (1991); *Tynes v. Shoney's Inc.*, 867 F. Supp. 330, 333 n.3 (D. Md. 1994) (noting the WCA does not cover defamation claims).  However, these cases merely interpret the meaning of "accidental injury" in § 9-501, and do not expound upon the scope of the exception to the exclusive remedy provision for deliberate and intentional conduct in § 9-509(d).  That only physical harms can be compensated by the WCA has no bearing on whether the WCA is the exclusive remedy for any particular claim.  Rather, the question is whether or not the harm is intentional and attributable to the employer.  *See Le*, 324 Md. at 80 (explaining that even if a plaintiff suffered an "accidental injury" covered by the WCA, he had the option of bringing a common law action against the employer since the harm was intentionally inflicted by the employer); *see also, e.g.*, *Gantt*, 356 F.3d at 556 (finding claim for emotional distress and mental injuries was not barred by the WCA); *Sterry v. Bethlehem Steel Corp.*, 64 Md. App. 175, 187–88 (1985) (holding claim to compensate for bodily injuries caused by employer's intentional acts was not barred by the exclusivity provision of the WCA); *cf. Newman v. Giant Food, Inc.*, 187 F. Supp. 2d 5224, 529 (D. Md. 2002) (granting summary judgment on assault and battery claims because there was no evidence that the employer intended to injure the employee not because of the nature of his injuries).  Therefore, because Sears does not otherwise challenge the factual sufficiency of Plaintiff's pleading in regard to her false arrest, false imprisonment, and IIED claims, the Court will deny Sears's motion as to Counts II, III, and IV.

9

###### B. Malicious Prosecution (Count VI)

Next, Sears argues Plaintiff has not alleged a cognizable malicious prosecution claim against it.  Under Maryland law, to bring a claim for malicious prosecution, the plaintiff must allege (1) "that a criminal proceeding was instituted or continued by the defendant against the plaintiff," (2) "that the proceeding terminated in favor of the plaintiff," (3) "the absence of probable cause for the proceeding," and (4) "malice, meaning that a primary purpose in instituting the proceeding was other than that of bringing the plaintiff to justice."  *DiPino v. Davis*, 354 Md. 18, 54 (1999); *Jannenga v. Libernini*, 222 Md. 469, 472 (1960); *Hines v. French*, 157 Md. App. 536, 553 (2004).  Sears contends that Plaintiff has not properly pleaded the first element since her amended complaint only alleges that the police officer defendants initiated proceedings against her, not Sears.  This Court disagrees.

Plaintiff has alleged sufficient facts to show that Sears initiated a criminal proceeding against her.  A private party can initiate a criminal prosecution if he takes some affirmative act to "institute[], instigate[] or inspire[] in any fashion" the state to bring criminal charges.  *Smithfield Packing Co., Inc. v. Evely*, 169 Md. App. 578, 593 (2006) (quoting *Wood v. Palmer Ford, Inc.*, 47 Md. App. 692, 701–02 (1981)).  The cause of action is not limited to instances where a person swears out a warrant against the plaintiff.  *Id.* Of course, where a person merely provides truthful information to the police and makes "a full disclosure of all material facts relative to the charges being made" he will not be found liable.  *Id.* at 593–94; *Nasim v. Tandy Corp.*, 726 F. Supp. 1021, 1025 (D. Md. 1989).  On the contrary, if an individual's statements to police were "the determining factor in inducing the officer's decision" or if a person "gave information which he knew to be false and so unduly influenced the authorities, he may be held liable."  *Nasim*, 726 F. Supp. at 1024 (quoting *Wood*, 47 Md. App. at 700–01).  Here, Plaintiff has alleged that Mr. Markowski

instigated her arrest and prosecution by calling the police, by making false statements to the police that he had video evidence of Plaintiff stealing merchandise and that Plaintiff confessed to stealing, and by failing to disclose that Plaintiff was not even at work on two of the days he accused her of stealing.  These facts are sufficient to support a malicious prosecution claim.  Therefore, Sears's motion will be denied as to Count VI.

### C.  Intrusion Upon Seclusion (Count VII)

Sears also contends that Plaintiff has not asserted facts to support an invasion of privacy claim for intrusion upon seclusion.  Maryland law defines intrusion upon seclusion as "[t]he intentional intrusion upon the solitude or seclusion of another or his private affairs or concerns that would be highly offensive to a reasonable person."  *Furman v. Sheppard*, 130 Md. App. 67, 73 (2000) (quoting *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 163 (1986)).  There is no liability, however, for observing a person in a public place "since [she] is not then in seclusion."  *Id.*  This Court agrees with Sears that Plaintiff has not alleged facts to support this claim.  Plaintiff was observed at work and questioned in a supervisor's office before being arrested.  All the events took place in public or in the workplace where Plaintiff did not have an expectation of privacy.  *See Marrs v. Marriott Corp.*, 830 F. Supp. 274, 283–84 (D. Md. 1992) ("[T]his type of invasion of privacy . . . generally is inapplicable to most areas of the workplace because there can be no liability for observing an employee at work since [s]he is then not in seclusion." (quoting Stanley Mazaroff, *Maryland Employment Law* § 5.4(B)(1)).  Likewise, Plaintiff alleges Mr. Markowski questioned her about her conduct at work, not about her "private affairs."  Therefore, the Court will grant Sears's motion to dismiss Count VII without prejudice.

**D.  Unreasonable Publicity and False Light (Counts VIII and IX)**

Sears also argues that Plaintiff's other two invasion of privacy claims for unreasonable publicity and false light should be dismissed.  Unreasonable publicity and false light are two related invasion of privacy torts recognized under Maryland law.  The first, unreasonable publicity, involves the highly objectionable publication of a matter in one's private life, even if it is true. *Hollander v. Lubow*, 277 Md. 47, 57 (1976), *superseded on other grounds by* Md. Rule 2-501(a), (e).  The second, false light, likewise involves highly objectionable publicity, where the publicity is false or misleading, and may be alleged even if the information publicized is not a secret.  *Id.* at 57–58.  Critically, both claims require "publicity." *Wimbush v. Kaiser Found. Health Plan of the Mid Atlantic States, Inc.*, TDC-14-0525, 2015 WL 2090654, at *10 (D. Md. May 5, 2015).  Sears contends that Plaintiff's claim that Mr. Markowski told police that Plaintiff stole merchandise does not amount to publicity.  Publicity requires more than "commuicat[ing] a fact concerning the plaintiff's private life to a single person or even to a small group of persons." *Id.* (quoting *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 166 (1986)).  Rather, the private and/or misleading facts must be communicated "to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Cambridge Title Co. v. Transamerica Title Ins. Co.*, 817 F. Supp. 1263, 1278 (D. Md. 1992) (quoting *Restatement (Second) of Torts* § 652D, cmt. a (Am. L. Inst. 1975)); *Linden v. McCreer*, 233 Md. App. 343, 367–68 (2017) (holding statements made to plaintiff's manager and several coworkers did not constitute "publicity" for invasion of privacy claims (citing *Restatement (Second) of Torts*, § 652D, cmt. a)); *Henderson v. Claire's Stores, Inc.*, 607 F. Supp. 2d 725, 733 (D. Md. 2009) (holding cashier's accusations that plaintiff was shoplifting made in earshot of a small group of people were not publicized statements).

This Court agrees with Sears that Mr. Markowski's statements to police do not constitute publicity. Although Plaintiff acknowledges that Mr. Markowski's statements were to only "a small group of persons," she urges the Court to consider the fact that Mr. Markowski knew his statements would be included in publicly available police reports. Even if Plaintiff's amended complaint contained factual assertions about Mr. Markowski's knowledge of the eventual reproduction of his statements in a police report, this would not rescue Plaintiff's invasion of privacy claims. As one Connecticut court aptly explained, the "gravamen" of a false light or unreasonable publicity claim "is, and should remain publication by the defendant." *LaFontaine v. Family Drug Stores, Inc.*, 360 A.2d 899, 902 (Conn. C.P. 1976), *abrogated on other grounds by Goodrich v. Waterbury Republican-American, Inc.*, 448 A.2d 1317 (Conn. 1982); *see also Hollander*, 277 Md. at 57. Plaintiff has not cited and this Court has not found any court which has interpreted a person's statements to police to constitute publicity sufficient for an invasion of privacy claim. In contrast, other courts guided by the *Restatement (Second) of Torts*, have found statements to individual police officers do not ordinarily constitute "publicity." *See, e.g.*, *Curry v. Whitaker*, 943 N.E.2d 354, 360–61 (Ind. Ct. App. 2011) (holding defendant's filing of two police reports and oral statements made to at least two police officers did not constitute publicity for an invasion of privacy claim); *LaFontaine*, 360 A.2d at 902 (denying plaintiff's argument that publicity "was a natural and foreseeable consequence" of complaining to the police and noting that "[i]f the cause of action were to be so expanded by this court, it would encompass virtually every tort"). Where Mr. Markowski made no further attempt to broadcast his allegations against Plaintiff to the greater public, the conduct Plaintiff has alleged, that he made knowingly false statements to police, is properly encapsulated in her malicious prosecution claim, as discussed *supra*, and not as an invasion of privacy. Therefore, this Court finds Plaintiff has not pleaded a cognizable

unreasonable publicity or false light invasion of privacy claim. Counts VIII and IX will also be dismissed without prejudice.

### E. Civil Conspiracy (Count X)

Sears next challenges Plaintiff's civil conspiracy claim. A civil conspiracy is "a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." *Hoffman v. Stamper*, 385 Md. 1, 24–25 (2005) (quoting *Green v. Wash. Sub. San. Comm'n*, 259 Md. 206, 221 (1970)). Under Maryland law, proof of a civil conspiracy "requires a showing of (1) an unlawful agreement; (2) the commission of an overt act in furtherance of the agreement; and (3) as a result, the plaintiff suffered injury." *Gorby v. Weiner*, No. TDC-13-3276, 2014 WL 4825962, at *14 (D. Md. Sept. 23, 2014); *see also Marshall v. James B. Nutter & Co.*, 758 F.3d 537, 541–42 (4th Cir. 2014). Sears contends that Plaintiff's allegations are exceedingly vague and do not show any actual agreement. This Court disagrees. Plaintiff's amended complaint clearly identifies her theory that Mr. Markowski conspired with Officers Pollack and Birkmaier. ECF 7 ¶¶ 104–05 (claiming that "Defendants Pollack and Birkmaier conspired with Defendant Markowski"). Plaintiff has claimed that Mr. Markowski spoke with the officers and, despite not having any evidence against her, they concocted a plan to have her arrested and charged with stealing by either forcing her to confess or fabricating a story that she confessed. *Id.* ¶¶ 94–108. This alleged agreement plausibly led to Plaintiff actually being detained, arrested, and charged with multiple criminal offenses without cause. Thus, reading the factual allegations in the amended complaint and reasonable inferences based on those allegations in Plaintiff's favor, the Court concludes that Plaintiff has met the

14

pleading standard to allege a civil conspiracy between the officers and Mr. Markowski and will not dismiss plaintiff's civil conspiracy claim.

### F.   Aiding and Abetting (Count XI)

Finally, Sears seeks to dismiss Plaintiff's aiding and abetting claim.  Aiding and abetting, like conspiracy, requires the completion of an underlying tort.  "While the crucial characteristic of a conspiracy is an *agreement* between the parties to participate in wrongful conduct, aiding and abetting tortious conduct is defined by specific *actions*" including "encourage[ing], incit[ing], aid[ing], or abett[ing] the direct perpetrator of the tort." *Gorby*, 2014 WL 4825962 at *16 (quoting *Alleco Inc. v. Weinberg Found., Inc.*, 340 Md. 176, 199 (1995)).  Generally, a person is either liable as a principal tortfeasor or as an aider and abettor, but not both.  *Id.* (dismissing aiding and abetting claim where complaint alleged defendants were principal tortfeasors for all counts); *Alleco*, 340 Md. at 200–01 (stating an aider and abettor claim "requires that there exist underlying tortious activity").  All of Plaintiff's twenty causes of action, however, are alleged against "All Defendants."  This Court agrees with Sears that Plaintiff's amended complaint is too imprecise to fairly give notice of the scope of its aiding and abetting claim.  Plaintiff has failed to identify which underlying tort or torts Sears has aided or encouraged and what actions it took to do so.  Instead, Plaintiff has simply recited the legal elements required in an aiding and abetting claim.  ECF 7 at ¶¶ 206–10.  In its opposition filings to this motion, Plaintiff points to all of the general factual allegations alleged in the amended complaint to support its claim, but still fails to identify what conduct by Sears actually supported any co-defendant's tortious actions.  ECF 22 at 7 (citing "Paragraphs 50–120" of the amended complaint).  Thus, the Court will dismiss Plaintiff's aiding and abetting claim without prejudice.

**IV.      CONCLUSION**

For the reasons set forth above, Sears's motion to dismiss will be granted as to Counts VII, VIII, IX, and XI and denied as to Counts II, III, IV, VI, and X.  Counts I, V, XII, XIII, XVI, XVII, XVIII, XIX, XX are voluntarily dismissed without prejudice.  A separate order follows.

Dated: May 10, 2021                            _____/s/_____
                                                          Stephanie A. Gallagher
                                                          United States District Jude