# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SIMARJEET KAUR, | * |
| *Plaintiff*, | * |
| v. | *   Case No.: 1:21-cv-00292-SAG |
| POLICE OFFICER POLLACK #5597, et al., | * |
| *Defendants*. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF SIMARJEET KAUR'S REPLY IN OPPOSITION TO DEFENDANT SEARS, ROEBUCK AND CO. AND JEFFREY MARKOWSKI'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Simarjeet Kaur, by and through her undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, files this Reply in opposition to Defendant Sears, Roebuck and Co. and Jeffrey Markowski's Motion for Summary Judgment and in support of Plaintiff's Cross-Motion for Summary Judgment, and in support, states:

1. **Material Facts**

Contrary to Defendants' assertion, Plaintiff have disputed the material facts in their Response to Defendant Sears, Roebuck and Co. and Jeffrey Markowski's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment. *See* ECF 64 at Section 1. Specifically, Plaintiff has disputed:

- that any theft has occurred (as there is no evidence establishing that Ms. Kaur did not pay for merchandise; Ms. Kaur meant to take the merchandise without payment; Ms. Kaur took the merchandise out of the store; and where the merchandise ended up – none was found at her house nor was she implicated in distributing the merchandise in any manner), and
- that Defendant Markowski conducted any investigation and produced those findings to the Baltimore County Police Department. Mr. Markowski claimed that he was incredibly meticulous at his job. He saw security videos, he would then backtrack on video where the merchandise came from, and he would take pictures of the price tags for the merchandise.

Yet, Defendants have produced only five pieces of relevant evidence. Three videos – none showing any backtracking. And two tags of merchandise allegedly stolen –only one of those pieces has a price tag. *See* **Exhibit D** (Document #64-4) and **Exhibit E** (Document #64-5).

3. **Argument**

    *3.1  Material Facts in Dispute*

    Plaintiff has disputed a number of the material facts that Defendants claim are undisputed. First, Plaintiff has disputed that a theft has occurred. *See* ECF 64 at 5-6 and 9. Second, Plaintiff has extensively disputed that Defendant Markowski conducted a thorough investigation and produced those findings to the Baltimore County police. *See* ECF 64 at 1-2, 12, and 15-17. There simply is no evidence to justify the information provided in Document 48-7 (Statement of Probable cause). The only evidence of prices is two tags – only one of which has a price. Plaintiff thoroughly debunked the videos in Document 64 at Pages 3-6, which decimated the credibility of the "Statement of Probable Cause." In turn, it makes sense why Defendant Sears and Defendant Markowski have not produced two pieces of evidence – the remaining evidence never existed in the first place.

    It is Defendants burden to produce this evidence, not Plaintiffs. Defendants have failed to do so. As such, Defendants' Statement of Material Facts is controverted and should not be deemed admitted.

    *3.2  The Requirements of Maryland Code, Criminal Procedure § 2-203 Have Undisputedly Not Been Met*

    Defendants have affirmatively established that the arrest of Ms. Kaur did not meet the requirements Maryland Code, Criminal Procedure § 2-203. Neither Officer Birkmaier nor Officer Pollack believed that Simarjeet Kaur met any of these three exceptions. *See* **Exhibit A**[1] (Document 64-1) at 49:20-51:9; 52:17-19; 77:12-78:17; 53:8-14 (Officer Birkmaier's Testimony); **Exhibit B**

---

[1] References to Exhibits A, B, and C are to the Exhibits submitted as part of Plaintiff Simarjeet Kaur's Response to Defendant Sears, Roebuck and Co. And Jeffrey Markowski's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment.

(Document 64-2) at 32:3-18; 48:7-49:18; 68:18-70:2 (Officer Pollack's Testimony). Furthermore, Defendant Markowski, though not a police officer, did not believe that Mrs. Kaur was a threat to herself, others, or property, would not be apprehend, OR could even tamper/dispose/destroy any evidence. *See* **Exhibit C** (Document 64-3) at 60:20-61:6; 120:19-121:16. (Defendant Markowski's Testimony). Therefore, contrary to Defendants assertion, Plaintiff was not properly arrested for theft.

### *3.3  Plaintiff's Testimony*

Upon closer examination, it is not clear that that Mrs. Kaur indicated that her arrest was valid. It appears that Plaintiff could be speaking about Amna and Erica (from the full context of the questions prior in the transcript) instead of herself.

Plaintiff's opinions that were expressed years after the arrest have no bearing on the determination of probable cause at the time of her arrest. Defendants never addressed the arguments that Plaintiff raised in her initial Response and Cross-Motion regarding the inadmissibility of Plaintiff's testimony to establish whether the arrest was proper.

Furthermore, Maryland courts have established that a confession alone is not enough to establish a conviction. *See Grimm v. State*, 135 A.3d 844, 852 (2016) (citing *Miller v. State*, 380 Md. 1, 46, 843 A.2d 803, 829 (2004)). Defendants have argued that Mrs. Kaur's "confession" establishes the arrest was proper. However, this is a complete misapplication of Maryland law. Mrs. Kaur could only be arrested for felony theft, which was not corroborated by any evidence at the time or her arrest (or any time after). Simply stated, Plaintiff's opinion on a matter of law is not enough to establish that point.

### *3.4  Lack of Evidence*

Defendants have been unable to produce any evidence to substantiate the actions taken against Mrs. Kaur. Defendant Markowski testified that there is evidence he collected during his alleged investigation that proves the exact amount of merchandise Mrs. Kaur allegedly stole. Furthermore, Defendant Markowski testified that he turned all of this evidence over to the Baltimore County police. Despite this fact, Plaintiff has been provided with only five videos and two pictures of price tags.

Plaintiff does not have the burden to establish probable cause. Even if this Court were to waive Defendant's burden of producing supporting evidence in the case of Sears or Mr. Markowski, the Police Defendants would have produced such evidence had it existed. After all, Baltimore County police were given notice less than a year after the alleged theft that this suit would be brought and that they must preserve evidence. *See* **Exhibit N**. Discovery has since closed and none of this alleged evidence has been produced.

Sears and Mr. Markowski claim that his case file can be seen in his hand during one of the body worn camera films. But there is no evidence to support that assertion (no testimony or affidavit from Mr. Markowski). In fact, it does not make any sense. He testified the prices came from photographs that remained on his phone based upon video evidence that he backtracked to the section where the merchandise came from. *See* **Exhibit C** (Document 64-3) at 68:20-69:17; 65:9-66:2. But neither the videos nor the photos are in that file. Nor could he produce them at a later time, despite proclaiming they would still be in his phone. *Id*.

There are five potential sources of evidence: Sears, Mr. Markowski, Baltimore County Police Department, Officer Birkmaier, and Officer Pollack. And we have two price tags – one of which has a price. That's it.

Based on these facts, there are two possible inferences. First, the investigation that Defendant Markowski claims to have performed never happened and the evidence never existed. Second, spoliation. "Spoliation is the destruction, mutilation or alteration of evidence by a party to an action." *Miller v. Montgomery Co*., 64 Md.App. 202, 494 A.2d 761 (1984). "The maxim, *Omnia praesumuntur contra spoliatem*, 'all things are presumed against the spoliator,' rests upon a logical proposition that one would ordinarily not destroy evidence favorable to himself." *Id*. (emphasis in original).

Defendants have claimed this evidence exists and have asked this Court, despite not being able to produce the evidence, to accept the unproduced evidence as true – a total failure of their burden of production. That is unprecedented. In fact, it's contrary to Rule 37. And it's contrary to the timely notice Plaintiff provided Police Defendants for preserving evidence.

Instead, as correctly pointed out by Defendants, no evidence was produced by Plaintiff to support its claims for Wage Payment Act violations. As such, Plaintiff voluntarily agreed to the dismissal of those claims.

Simply, the evidence either never existed or Defendants destroyed it. In either event, it cannot be accepted as evidence because it does not currently exist.

### 3.5 *Claims Against Defendant Markowski*

Defendants' main arguments have already been adequately briefed in Plaintiff's initial Response and Cross-Motion. However, Plaintiff would like to take this opportunity to clarify one point made by Defendants.

Plaintiff's contention is that Defendant Markowski did not perform an investigation other than seeing the videos which have been produced and initiating the interview with Mrs. Kaur and Amna Inam. This is supported by the evidence produced and reasonable inferences based on the lack of evidence produced. Had Defendant Markowski performed the extensive investigation that he claims he performed and turned those findings over to the Baltimore County police, then Plaintiff would have been provided that evidence during discovery. It is entirely undisputed that the only evidence Plaintiff has been provided is five videos that Defendant Markowski admits cannot be the basis for the contention that Mrs. Kaur stole over $1,500 in merchandise and two pictures of price tags. The evidence before this Court does not establish that Defendant Markowski performed an investigation. Instead, the evidence before this Court establishes that Defendant Markowski had a hunch and initiated proceedings to have Mrs. Kaur locked into a room and extensively questioned until the police arrived.

### 3.4 *Count IV - Intentional Infliction of Emotional Distress*

First, Plaintiff would like to clarify that to plead a claim for intentional infliction of emotional distress, a plaintiff must allege that "(1) the conduct was intentional **or** reckless; (2) the conduct was extreme and outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress is severe." *See Foor v. Juvenile Service Administration*, 78 Md. App. 151, 175 (1989) (emphasis added). Defendants, without citing authority, have attempted to raise the bar and claim that this cause of action requires both intentionality and recklessness.

Second, Plaintiff would like to clarify that the Maryland Pattern Jury Instruction (Civil) 15:12 ("Intentional Infliction of Emotional Distress") states:

> A defendant whose conduct is intentional or reckless and is extreme and outrageous and that causes the plaintiff severe emotional distress is liable for damages caused by that conduct.
> For conduct to be intentional or reckless, the defendant must either:
> > (1) desire to inflict severe emotional distress, **or**
> > (2) know that such distress is substantially certain to result in such conduct, **or**
> > (3) act recklessly in deliberate disregard of a high degree of probability that emotional distress will follow.

*Id.* (emphasis added).

Plaintiff is not required to establish that Defendant Markowski had a desire to inflict severe emotional distress on Mrs. Kaur. Plaintiff is claiming that Defendant Markowski acted "recklessly in deliberate disregard of a high degree of probability that emotional distress will follow." *Id*. Defendant Markowski acted deliberately. He knew his actions would have consequences. The consequences of a false arrest are obvious. *See* **Exhibit A**[2] (Document 64-1) at 74:6-75:4 (Officer Birkmaier's Testimony); **Exhibit B** (Document 64-2) at 65:17-66:15 (Officer Pollack's Testimony*;* **Exhibit C** (Document 64-3) at 119:22-120:18 (Defendant Markowski's Testimony).

There are rules that govern how society is run. Even, very importantly, how suspected criminal are treated. As such, we require police to follow specific procedures before performing an arrest. Similarly, Sears requires its asset prevention managers to have more than a hunch before initiating an interview and accusing an individual of theft. Despite these established rules, Defendants are requesting that this Court ignore the failure to follow protocol because there are videos that appear to paint Mrs. Kaur in a bad light and Defendants, despite a lack of proof, promise that the rules were followed. The established rules ensure that individual rights are not recklessly violated and unnecessary harm is not caused. The evidence establishes that Defendant Markowski's actions were performed as if Mrs. Kaur's rights do not exist and there was a high probability that emotional distress would follow.

### 3.6 Count VI (Malicious Prosecution)

---

[2] References to Exhibits A, B, and C are to the Exhibits submitted as part of Plaintiff Simarjeet Kaur's Response to Defendant Sears, Roebuck and Co. And Jeffrey Markowski's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment.

"Malice, though a separate element of the tort, may be inferred from the lack of probable cause." *Id*. Contrary to Defendants assertion, this was raised in Plaintiff's Opposition and has already adequately been briefed.

### *3.7    Count X (Civil Conspiracy)*

Despite the Defendants arguing "extensively that Plaintiff … has no evidence that Mr. Markowski or Officers Birkmaier and Pollack had anything to gain by Plaintiff's arrest," that is simply not an element of a claim for conspiracy.

The agreement to commit the unlawful act can be proven by circumstantial evidence because "it would be practically impossible to prove a conspiracy by means of direct evidence alone." *See Hoffman v. Stamper*, 385 Md. 1, 25, 867 A.2d 276, 291 (2005) (quoting *Western Md. Dairy v. Chenowith*, 180 Md. 236, 243, 23 A.2d 660, 664 (1942).

As aptly pointed out by Defendants, Plaintiff has not provided any direct evidence of an agreement to commit an unlawful act other than a conversation before the call to 911. However, the undisputed circumstantial evidence establishes that Defendants Markowski and Birkmaier worked in concert to bring charges against Mrs. Kaur without having evidence that she committed any wrongdoing. Again, Defendants Markowski and Birkmaier showed up on the scene to make an arrest and not even conduct an independent investigation.

**WHEREFORE**, Plaintiff Simarjeet Kaur requests that this Court deny Defendants' Motion for Summary Judgment, grant Plaintiff's Cross-Motion for Summary Judgment, and grant such other and further relief as justice requires.

Respectfully Submitted,

**LEDYARD LAW LLC**

By: */s/ David C.M. Ledyard*
    David C.M. Ledyard
    Federal Bar No.: 29198
    1 North Charles Street, Suite 1215
    Baltimore, Maryland 21201
    Phone:  (410) 807-8077
    Fax:     (410) 807-8076
    david@ledyardlaw.com
    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 12th Day of August 2022, I filed with the Court and served a copy of Plaintiff's Reply in opposition to Defendant Sears, Roebuck and Co. and Jeffrey Markowski's Motion for Summary Judgment and in support of Plaintiff's Cross-Motion for Summary Judgment, via CM/ECF, to:

Veronica N. Love, Esquire
BALTIMORE COUNTY OFFICE OF LAW
400 Washington Avenue, Suite 219
Towson, Maryland 21204
vlove@baltimorecountymd.gov
*Counsel for Defendants Baltimore County, Maryland, Baltimore County Police Department, and Officer Cameron Birkmaier, Officer Stephanie Pollack*

Michael Pivor, Esquire
KIERNAN TREBACH, LLP
1233 20th Street, NW, 8th Floor
Washington, DC 20036
mpivor@kiernantrebach.com
*Counsel for Defendant Sears, Roebuck & Co. and Jeffrey Markowski*

                        */s/ David C.M. Ledyard*
                        David C.M. Ledyard